Mr. Robert A. Culpepper 83288 Holiday Sherwood, Arkansas 72116
Dear Mr. Culpepper:
This is in response to your request for an opinion, pursuant to A.C.A. §25-19-105(c)(3)(B) (Cum. Supp. 1993), on whether the release of certain information from your personnel file maintained by the "Metropolitan Emergency Medical Services System," or "MEMS" to a local television station which has requested the information is consistent with the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§25-19-101 through -107.
It is my opinion that the answer to your question is in all likelihood "yes."
I should note as an initial matter that my authority to issue opinions under A.C.A. § 25-19-105(c)(3)(B) is limited to reviewing the correctness of the decision of the custodian of the records. You have not indicated in your letter what the decision of the MEMS custodian of the records is, but I assume that the custodian has decided to release the requested records, and has given you the requisite notice, (see A.C.A. §25-19-105(c)(3)(A)) and informed you of your right to seek an Attorney General's opinion.
You note that the television station has requested your name and your personnel file. You have indicated that you do not want "any part of [your] personnel file that states any form of disciplinary action taken against [you] for this incident released to them. . . ." My opinion is therefore limited to the release of records which reflect this information.
It is my opinion, assuming that the custodian has decided it must release the requested records, that this decision is in all likelihood consistent with the FOIA. A preliminary issue is whether MEMS is an entity subject to the act. I have not been provided with any information as to MEMS' public nature or its receipt of public funding. See A.C.A. §25-19-103(1). It is my understanding, however, that the City of Little Rock has created an "Ambulance Authority" and that this "Ambulance Authority" established MEMS. I will assume, therefore, absent any indication to the contrary, that MEMS is an entity whose records are subject to the Arkansas FOIA.
The Arkansas FOIA provides for the release of disciplinary records only under certain circumstances. These types of records most often fall within a category called "employee evaluation or job performance records" for purposes of the FOIA. Such records are only to be released under the FOIA "upon final administrative resolution of any suspension or termination proceeding at which the records formed a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." A.C.A. § 25-19-105(c)(1) (Cum. Supp. 1993). The records indicate that you were given a suspension. I have not been provided with any information as to whether there has been a "final administrative resolution" of the suspension. This is a necessary prerequisite to release of the records. It is my opinion that the records in question "formed a basis" for the suspension and, although there may be an argument to the contrary, the circumstances give rise to a compelling public interest. See generally, Watkins, TheArkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 135, 136.
It is therefore my opinion, assuming that MEMS is an entity subject to the provisions of the FOIA, and assuming there has been a "final administrative resolution" of your suspension, that the records in question are subject to disclosure under the FOIA.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh